The Honorable Ruth Whitaker State Senator Post Office Box 349 Cedarville, Arkansas 72932-0349
Dear Senator Whitaker:
I am writing in response to your request for an opinion on the question of whether a city of the first class is required to "continue to pay the salary of the elected city attorney while said attorney is serving a 90-day suspension of his law license and unable to perform the functions of the city."
Arkansas law provides:
 The salary of an official of a city of the first class . . . may be increased during the term for which the official has been elected or appointed and may be decreased during the term only if requested by the official.
A.C.A. § 14-42-113(a) (Supp. 2009) (emphasis supplied).
A city attorney is "an official of a city" for purposes of the statute. See Ops. Att'y Gen. 2007-059, 2006-113, and 97-038;cf. Mann v. Lowry 227 Ark. 1132, 303 S.W.2d 889 (1957) (court, holding that statute did not protect incumbent from General Assembly's abolition of the office of city attorney, did not question litigant's assertion that statute is generally applicable to city attorney).
In my opinion, the answer to your question is "yes." A city's non-payment of installments of a city official's salary when due would, in my view, amount to a decrease in salary prohibited by the statute, if such installments were never paid. *Page 2 
To the extent the city proposes merely to suspend payment of salary installments due during the period of the license suspension, and to make payment of the deferred installments after the suspension is completed, those facts present a closer question. It is my opinion, however, that such a course of action likely would be held to amount to a decrease in salary due to the time value of money, if the official is entitled by ordinance or otherwise to payment of installments of salary at specified times.
Applicable law provides that "city attorneys in cities of the first class shall give the bond, perform the duties, and receive such salary as is prescribed by ordinance. . . ." A.C.A. § 14-43-313 (Supp. 2009). Interested parties may wish to examine the ordinance(s) addressing these matters to determine what, if any, actions of the city might be lawful and appropriate in the circumstances.
In addition, A.C.A. § 14-42-109 (Repl. 1998) provides a judicial process to remove an elected municipal official who "shall willfully and knowingly fail, refuse, or neglect to execute, or cause to be executed, any of the laws or ordinances within [his] jurisdiction. . . ." See also Ops. Att'y Gen. 2006-018, 2002-093, 95-187, and 91-024 (discussing the statute and the requirements thereunder for removal of an elected official, which requirements include criminal indictment). My reference to this statute should not be interpreted as an opinion or assertion that the official in question has engaged in the conduct therein proscribed.
Assistant Attorney General J. M. Barker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JMB/cyh
 *Page 1